Filed 7/17/15  In re K.G. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re K.G. et al., Persons Coming Under the Juvenile Court Law. | B259547 (Los Angeles County Super. Ct. No. DK01946) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>R.G.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Marilyn Kading Martinez, Juvenile Court Referee.  Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jeanette Cauble, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

The juvenile court in this case exercised dependency jurisdiction over four children—K.G., born in 2005; D.G., born in 2006; H.G., born in 2007; and R.G., Jr., born in 2008—after sustaining allegations that R.G., Sr. (father) repeatedly sexually abused K.G., and that father and G.G. (mother) physically abused H.G. by striking him with a belt, leaving bruises.[1] At disposition, the court removed the children from father's custody, and, based on the recommendation of the Los Angeles County Department of Children and Family Services (DCFS), placed them with mother, ordering family maintenance services for mother and the children. It refused to order visitation or reunification services for father pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(6) (reunification services may be withheld from parent based on sexual abuse of child or sibling).

Father appeals the court's jurisdiction and disposition orders, contending only that the court erred in refusing to order notice under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). Mother never claimed any Indian heritage, father initially denied any heritage, and the court concluded at times during the proceedings that the ICWA did not apply. But prior to his arraignment hearing, father submitted an ICWA-020 form claiming Choctaw heritage through his paternal great, great, great grandmother.[2] At the hearing, the court asked father what other information he had and he responded, "That's all. My mom just telling me." The court refused to order notice, stating, "We do not need to go back to great-great-great-relatives and it appears there's just—it's just speculation that there may be heritage." When the court asked if there were any objections to this finding, all counsel, including father's, said no.

---

[1] The juvenile court sustained a prior petition naming only mother and finding D.G. and R.G., Jr., at risk because D.G. had been diagnosed with a failure to thrive and mother failed to give him his prescribed food supplement and failed to take him to medical appointments. Initially, the children were not removed from either parent and the court ordered family maintenance services for them and the children.

[2] This was inconsistent with DCFS's statement in an earlier detention report that father had reported his paternal great grandfather was from the Choctaw tribe, not his great, great, great grandmother.

We find no error in this case because notice was not required under the ICWA or state law. (See *In re Alexis H.* (2005) 132 Cal.App.4th 11, 14 (*Alexis H.*).) The ICWA requires a child welfare agency to notify the parents and the Indian child's tribe if the juvenile court "knows or has reason to know that an Indian child is involved" in the proceeding, but the statute expressly requires the agency to send notice *only* when it is "seeking the foster care placement of, or termination of parental rights to, an Indian child." (25 U.S.C. § 1912(a).) The ICWA defines "foster care placement" as "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated," and defines "termination of parental rights" as "any action resulting in the termination of the parent-child relationship." (*Id.* § 1903(1)(i)-(ii).) State law likewise requires notice if the court, a social worker, or probation officer "knows or has reason to know that an Indian child is involved" in an "Indian child custody proceeding" (Welf. & Inst. Code, § 224.2, subd. (a)), which is defined the same as federal law, as well as "a proceeding for temporary or long-term foster care or guardianship placement, termination of parental rights, preadoptive placement after termination of parental rights, or adoptive placement" (*id.* § 224.1, subd. (d)).

In this case, DCFS sought neither foster care placement nor termination of parental rights; instead, it recommended, and the juvenile court ordered, the children placed with mother with family maintenance services. Our decision in *Alexis H.* is therefore on point. In that case, the juvenile court declared the children dependents, placed them with the mother, and ordered family maintenance services for her. It also granted monitored visitation and reunification services for father. (*Alexis H., supra*, 132 Cal.App.4th at p. 14.) We rejected father's argument that DCFS failed to comply with the ICWA notice requirements because "[b]y its own terms, the act requires notice only when child welfare authorities seek permanent foster care or termination of parental rights; it does not require notice *anytime* a child of possible or actual Native American descent is involved in a dependency proceeding." (*Alexis H.*, at p. 14.)

Father cites *In re Jennifer A.* (2002) 103 Cal.App.4th 692 to argue the potential for removal from mother to foster care remained here, even if DCFS did not pursue a foster care placement at this stage. As we explained in *Alexis H.*, however, *Jennifer A.* was confined to its facts because the child welfare authorities *recommended* foster care for the child, but the court rejected that recommendation and placed the child with her father. (*Alexis H., supra*, 132 Cal.App.4th at p. 15.) Here, as in *Alexis H.* and unlike in *Jennifer A.*, DCFS did not recommend foster placement and there is no indication DCFS will do so absent some change in circumstances. If DCFS does recommend foster placement or termination of parental rights in future proceedings, ICWA notice may be required. But at this stage, the court did not err in refusing to order notice under the ICWA and state law.

## DISPOSITION

The juvenile court's jurisdiction and disposition orders are affirmed.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.



OHTA, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.